IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| INFORMATIVE TECHNOLOGY SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:21-cv-01117 |
| v. | ) ) | Patent Case |
| CODELATHE TECHNOLOGIES, INC., | ) ) | Jury Trial Demanded |
| Defendant, | ) ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Informative Technology Systems, LLC ("Plaintiff" and/or "ITS") files this Complaint against CodeLathe Technologies, Inc. ("Defendant" and/or "CodeLathe") for infringement of United States Patent No. 8,156,151 (hereinafter "the '151 Patent"), and alleges the following:

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking damages an such other relief as might be determined.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Wyoming limited liability company with an address of 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33301.

4. On information and belief, Defendant is a Delaware corporation with an address of 13785 Research Blvd, #125, Austin, TX 78750.  On information and belief, Defendant may be

served through its registered agent, Madhan Kumar Kanagavel, at the same address, or Capitol Services, Inc., 108 Lakeland Ave., Dover, DE 19901.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,156,151

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '151 Patent with sole rights to enforce the '151 Patent and sue infringers.

11. A copy of the '151 Patent, titled "Apparatus, method and system for tracking information access," is attached hereto as Exhibit A.

12. The '151 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant directly infringes and/or infringed one or more claims of the '151 Patent by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe and/or infringed at least the exemplary claims of the '151 Patent also identified in the charts incorporated into this Count below (the "Exemplary '151 Patent Claims") literally or under the Doctrine of Equivalents. On information and belief, other products or services that infringe and/or infringed the claims of the '151 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also directly infringes and/or infringed, literally or under the Doctrine of Equivalents, the Exemplary '151 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit B includes at least one chart comparing the Exemplary '151 Patent Claims to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed in the '151 Patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '151 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim chart(s) of Exhibit B.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

18.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '151 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed directly one or more claims of the '151 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '983 Patent; and.

E.     if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii.   that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 29, 2021						Respectfully submitted,

                                              */s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**