IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |  |
|---|---|---|
| INFORMATIVE TECHNOLOGY SYSTEMS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:21-cv-01117-ADA Jury Trial Demanded |
| Plaintiff, | | |
| v. | | |
| CODELATHE TECHNOLOGIES, INC., | | |
| Defendant. | | |

**DEFENDANT CODELATHE TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant CodeLathe Technologies, Inc.("Defendant" or "CodeLathe") by and through its counsel of record, hereby responds to Plaintiff's Complaint For Patent Infringement as follows:

**PARTIES AND JURISDICTION**

1. CodeLathe admits that Plaintiff filed a Complaint seeking relief for patent infringement under Title 35 of the United States Code and denies the remaining allegations of paragraph 1.

2. CodeLathe admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. CodeLathe lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies those allegations.

4. CodeLathe admits the allegations of paragraph 4.

5. CodeLathe consents to the jurisdiction of this Court for the purposes of this action

only and admits it conducts business in this District. CodeLathe denies that it has committed or continues to commit acts of infringement in this District or in any other District.

6. CodeLathe denies the allegations of paragraph 6.

## VENUE

7. CodeLathe consents to venue in this Court for the purposes of this action only, but denies that venue is convenient or appropriate for this action. CodeLathe admits it is a resident of this District with a place of business located in this District. CodeLathe denies the remaining allegations of paragraph 7.

## COUNT I
## (INFRINGMENET OF UNITED STATES PATENT NO. 8,156,151)

8. CodeLathe denies the allegations of paragraph 8 to the extent they seek to incorporate the allegations of paragraphs 1-7 that CodeLathe has denied.

9. CodeLathe admits that Plaintiff purports to assert a cause of action arising under the patent laws of the United States, including under 35 U.S.C. § 271.

10. CodeLathe lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies those allegations.

11. CodeLathe admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 8,156,151 (the "'151 patent"), titled "Apparatus, method and system for tracking information access."

12. CodeLathe lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies those allegations.

13. CodeLathe denies the allegations of paragraph 13.

14. CodeLathe denies the allegations of paragraph 14.

15. CodeLathe denies the allegations of paragraph 15.

16. CodeLathe denies the allegations of paragraph 16.

17. CodeLathe denies the allegations of paragraph 17.

## JURY DEMAND

18. Plaintiff's demand for a jury trial does not state any allegations for which a response is required.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not state any allegations to which a response is required. To the extent a response is required, CodeLathe denies that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief, including in paragraphs (A) through (E), or to any other relief in any form whatsoever. CodeLathe further denies each and every allegation contained in the Complaint to which it has not specifically responded.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, CodeLathe alleges and asserts the following defenses in response to the allegations in Plaintiff's Complaint. Regardless of how such defenses are listed herein, CodeLathe undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, CodeLathe specifically reserves the right to allege additional affirmative defenses pursuant to any docket control order or that become known through the course of this action.

## FIRST AFFIRMATIVE DEFENSE—INVALIDITY

1. Each of the asserted claims of the '151 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the

United States Code, including without limitation, for example, Sections 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE—WAIVER, ESTOPPEL, & UNCLEAN HANDS

2. Plaintiff is barred in whole or in part under principles of equity, including without limitation, waiver, estoppel, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE—BARRED DAMAGES & COSTS

3. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of Plaintiff's Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### FOURTH AFFIRMATIVE DEFENSE—NO ENTITLEMENT TO INJUNCTIVE RELIEF

4. To the extent Plaintiff seeks injunctive relief, Plaintiff is not entitled to injunctive relief under any theory, at least because: (1) Plaintiff has not suffered nor will it suffer irreparable harm because of CodeLathe's conduct; (2) any harm to Plaintiff would be outweighed by the harm to CodeLathe if an injunction were entered; (3) Plaintiff has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE—28 U.S.C. § 1498

5. Plaintiff's claims are barred, in whole or in part, by 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE—PROSECUTION HISTORY ESTOPPEL

6. The claims of the '151 patent are limited by the text of its specifications, the prosecution histories, and/or the prior art such that Plaintiff is estopped, or otherwise precluded, from asserting that any claim is infringed by CodeLathe, either literally or by equivalents.

**RESERVATION OF RIGHTS**

CodeLathe reserves any and all rights to amend its answer, including its currently pled defenses, and/or to add additional defenses, as any basis for doing so becomes apparent.

**PRAYER FOR RELIEF**

CodeLathe respectfully prays for judgment against Plaintiff as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Declaring that CodeLathe has not infringed and does not infringe any valid claim of United States Patent No. 8,156,151;

C. Declaring that United States Patent No. 8,156,151 is invalid;

D. Finding that this case is exceptional and awarding CodeLathe its reasonable attorneys' fees;

E. Awarding CodeLathe its costs; and

F. Such additional relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(d), CodeLathe demands a trial by jury on all claims and issues so triable.

Dated:  December 10, 2021

Respectfully submitted,

By:   */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas  75601

> Telephone: (903) 230-9090
> Facsimile: (903) 230-9661
>
> Richard C. Vasquez (pro hac vice to be filed)
> (CA State Bar No. 127228)
> rvasquez@vbllaw.com
> Jeffrey T. Lindgren (pro hac vice to be filed)
> (CA State Bar No. 176400)
> jlindgren@vbllaw.com
> VASQUEZ BENISEK & LINDGREN LLP
> 1550 Parkside Drive, Suite 130
> Walnut Creek, CA 94596
> Telephone:  (925) 627-4250
> Facsimile:  (925) 403-0900
>
> *Counsel for Defendant CodeLathe Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

Dated:  December 10, 2021    /s/ *William E. Davis, III*
                             William E. Davis, III